1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14

CPCI,

          Plaintiff,

    v.

TECHNICAL TRANSPORTATION, INC.,

          Defendant.

Case No.  C04-1519L

ORDER REGARDING
MOTION FOR PARTIAL
SUMMARY JUDGMENT

15
16

# I.  INTRODUCTION

17
18
19
20

      This matter comes before the Court on a motion for partial summary judgment filed by defendant Technical Transportation, Inc. ("Tech Trans").  (Dkt. #19).  Tech Trans seeks an order limiting its potential liability in this matter.  For the reasons set forth below, the Court denies Tech Trans' motion for partial summary judgment.

# II.  DISCUSSION

21
22

**A.    Background Facts.**

23
24
25
26

      In December 2001, Impart, Inc. ("Impart") purchased approximately 184 used plasma screen television sets from NEC for $400 per set.  Impart then pre-sold the sets to consumers for $2,800 per set; demand exceeded supply.  Impart contracted with Digitron Communications, Inc. ("Digitron") to de-install the sets from various locations across the country and transport them to

27
28

ORDER REGARDING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1

Impart's facility in Seattle.  Impart paid Digitron $730 per set for its services.  Digitron subcontracted the transportation of the sets to Tech Trans, a certified and registered surface forwarder of freight.  Impart subsequently determined that 63 of the sets arrived with latent transit damage.  Impart did not attempt to sell the sets and determined that they were a total constructive loss.

Digitron insured the sets on Impart's behalf for $2,800 with The Hartford Insurance Company, which is subrogated to Digitron's rights regarding the claim at issue; plaintiff CPCI is the assignee of The Hartford's claims regarding the loss.

In retailing the sets for $2,800 each, Impart was selling and receiving payment for (1) its $400 per set cost to NEC; (2) its costs of de-installing and transporting the sets from their original locations to Impart's facility; (3) testing, cleaning, and repairing the sets in Impart's warehouse facility; (4) re-boxing the sets; (5) transporting and installing the sets at the premises of Impart's customers; (6) a 30-day warranty to Impart's customers; and (7) Impart's profit margin.  Declaration of Steven Corey at ¶ 4.  Other than the purchase price to NEC and transportation costs to Digitron, Impart is unable to establish the specific amount of the remainder of its costs or the amount of its profit.  Id. at ¶ 5.

**B.  Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact . . . ."  Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004).  All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied."  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**C.  Valuation of Damages.**

The parties agree that the general rule for measuring damages is the market value at

ORDER REGARDING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 2

destination, and in this case, liability is limited to the sets' market value at their destination at Impart's facility in Seattle.  Defendant's Motion at p. 4 (citing the Carmack Amendment, 49 U.S.C. § 11706(a)); see also Neptune Orient Lines, Ltd. v. Burlington Northern & Santa Fe. Ry. Co., 213 F.3d 1118 (9th Cir. 2000).  Under the Carmack Amendment, damages are to be measured by "actual loss or injury to the property." 49 U.S.C. § 11706(a).  Courts have interpreted the actual loss to be "the difference between the market value of the property in the condition in which it should have arrived at its destination and its market value in the damaged condition in which it did arrive." Neptune, 213 F.3d at 1120.  When, as here, "the property does not arrive at all, [courts] are left to determine its market value at the destination had it arrived safely." Id.

The parties dispute the market value of the television sets at destination.  Plaintiff argues that the market value is $2,800, the amount for which Impart had pre-sold the sets.  Tech Trans counters that the market value is $400 per set, which is the contract price that Impart paid NEC for each set.  Tech Trans' argument is undermined by the fact that the sets were not replaceable. The initial purchase price of the goods is usually the most accurate measure of their market value when goods are replaceable.  In this case, however, it is undisputed that the sets were not replaceable for $400 each, or for any price at or below $2,800.  Under these circumstances, $400 per set is not an accurate measure of the sets' market value at their destination in Seattle.  See, e.g., Neptune, 213 F.3d at 1120 (rejecting defendant's argument that actual loss was limited to the amount that plaintiff paid to its manufacturer to obtain the goods where goods were not replaceable).

The Neptune case involved a factually similar situation and is instructive.  In that case, Nike contracted with Neptune Orient Lines, Ltd. to transport shoes; Neptune subcontracted with BNSF.  While in transit with BNSF, a container of shoes was stolen and not recovered.  The shoes had been pre-sold and were not replaceable.  Neptune reimbursed Nike for its agreed selling price to third parties less costs saved, then sought to recover that amount from BNSF.

BNSF, like Tech Trans, argued that Nike's damages should be limited to the price it paid the manufacturer, and any amount in excess was special or consequential damages and not recoverable.  The court, in awarding the damages requested, held that Nike's lost profits, or "lost markup," was properly viewed as part of the "actual loss;" mere replacement cost was not a proper measure of damages because Nike could not replace the lost property.  Id. at 1120.  The Neptune case therefore supports plaintiff's claim in this case that the price agreed to by the third party purchasers, rather than Impart's purchase price, is the more accurate measure of market value.  In fact, plaintiff's argument is stronger than Nike's because in this case, Tech Trans, unlike BNSF, was aware that the sets had a declared value of $2,800 each.  See Deposition of James Edward Anker at p. 206.

Tech Trans argues that any damages in excess of $400 should be denied because Impart, unlike Nike, cannot estimate its costs and profits with specificity.  However, based on the current record, it appears that Impart's profits are not so speculative as to be illusory.  Instead, the undisputed evidence shows that purchasers were willing to pay $2,800 for each set.  The actual amount of Impart's avoided costs and its profits, and the issue of whether the profits are sufficiently definite, present issues of fact which cannot be resolved as a matter of law based on the current record.  Accordingly, Tech Trans' motion to limit its liability to $400 per set is denied.[1]

### III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES Tech Trans' motion for partial

---

[1] The market value is certainly higher than $400 per set.  Based on the current record, it appears likely that the market value of the sets is $2,800 or close to it, reflecting the price willing consumers agreed to pay for the sets.  See, e.g., Elmhurst Cemetery Co. of Joliet v. Comm'r, 300 U.S. 37, 39 (1937) (noting that fair market value is usually defined as "the price which property will bring when offered by a willing seller to a willing buyer, neither being obligated to sell or buy").

ORDER REGARDING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 4

1    summary judgment (Dkt. #19).

2

3          DATED this 3rd day of June, 2005.

4

5                                              _Mvf S Casnik_

6                                              Robert S. Lasnik
                                               United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER REGARDING MOTION FOR
     PARTIAL SUMMARY JUDGMENT - 5